**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0066-19

ERICA FLOWERS,

    Plaintiff-Appellant,

v.

CROSSED KEY INN, CROSSED
KEY ESTATE, JOHN
RODRIGUEZ, and JUSTIN
MEZZINO,

    Defendants/Third-Party
    Plaintiffs-Respondents,

v.

SARAH BEAGLE,

    Third-Party Defendant.

_____

Argued October 1, 2020 – Decided August 31, 2021

Before Judges Fuentes, Whipple, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0446-17.

David L. Wikstrom argued the cause for appellant (Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, PC, attorneys; David L. Wikstrom, of counsel and on the briefs).

Robert F. Ball argued the cause for respondents (Weber Gallagher Simpson Stapleton Fires & Newby, attorneys; Robert F. Ball, on the brief).

PER CURIAM

This civil action originated from an automobile accident. Plaintiff Erica Flowers was seriously injured on July 31, 2016, when a car driven by third-party defendant Sarah Beagle collided with a car that was lawfully stopped on the side of the road to assist a disabled motorist. The police officers who responded to the scene of the accident noticed that Beagle appeared to be under the influence of alcohol. The police officers obtained a sample of Beagle's blood for analysis by medical professionals. The analysis revealed Beagle had an alcohol concentration (BAC) level of .16% or .17% at the time of the accident. Pursuant to N.J.S.A. 39:4-50(a), a person who drives a motor vehicle with a BAC level of .08% or higher is deemed to be under the influence of an intoxicating liquor as a matter of law.

On September 13, 2017, plaintiff filed this civil action seeking compensatory damages and named as defendants the Crossed Key Inn, Crossed Key Estate, John Rodriguez and Justin Mezzino, and other fictitiously named

A-0066-19

persons and entities. Plaintiff's theory of liability against defendants is based on negligent hiring and/or supervision of Beagle, who was employed by defendants as a bartender at the time of the accident. According to plaintiff, defendants are liable because Beagle drank alcohol to the point of intoxication at defendants' premises after her workday was over and in the presence of management.

Defendants Crossed Key, Rodriguez and Mezzino filed their answer which included a third-party complaint against Beagle. After joinder of issue, the parties conducted discovery until the end of the discovery period on April 30, 2019. Defendants moved for summary judgment on June 28, 2019, supported by a "Statement of Undisputed Material Facts" as required by Rule 4:46-2(a). Plaintiff responded with her own Statement of Undisputed Material Facts and a brief.

Judge David J. Weaver heard oral argument on the motion on August 2, 2019. The parties agree that the pertinent facts related to this cause of action are not disputed and the issue of liability is thus ripe for disposition as a matter of law. R. 4:46-2(c). We review a purely legal issue de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). As framed by the parties, this court must determine whether defendants can be held liable

A-0066-19

to plaintiff based on the common law tort of negligent hiring and/or supervision. Stated differently, is plaintiff's cause of action precluded under the New Jersey Licensed Alcoholic Beverage Server Fair Liability Act, (Act), N.J.S.A. 2A:22A-1 to -7.

Judge Weaver reviewed the case law that has addressed this issue in a variety of factual settings and concluded that plaintiff's common law cause of action is explicitly precluded by the Legislature under the Act, based on the following unequivocal language:

> This act shall be the exclusive civil remedy for personal injury or property damage resulting from the negligent service of alcoholic beverages by a licensed alcoholic beverage server. Nothing contained herein shall be deemed to limit the criminal, quasi-criminal, or regulatory penalties which may be imposed upon a licensed alcoholic beverage server by any other statute, rule or regulation.
>
> [N.J.S.A. 2A:22A-4.]

The Supreme Court has made clear that the Legislature "did not want our courts adding civil remedies, through either the common law or creative statutory construction, not found in the Act itself." Mazzacano v. Estate of Kinnerman, 197 N.J. 307, 322 (2009). Thus, the exclusivity provision in N.J.S.A. 2A:22A-4 bars plaintiff's cause of action which arises out of the

4

common law tort of negligent hiring and/or supervision.  <u>Verni ex rel. Burstein</u> <u>v. Harry M. Stevens, Inc.</u>, 387 N.J. Super. 160, 187 (App. Div. 2007).

We discern no legal basis to disagree with any part of Judge Weaver's comprehensive, well-reasoned legal analysis as expressed in his memorandum of opinion attached to his August 21, 2019 order granting defendants' motion for summary judgment and dismissing plaintiff's cause of action as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0066-19